14422

## PRUITT v. LIFE INS. CO. OF VIRGINIA

(189 - S. E., 549)

*Mr. Leon W. Harris,* for appellant,

*Mr. A. H. Dagnall,* for respondent,

January 27, 1937.

The opinion of the Court was delivered by Mr. Justice Bonham.

The appellant insured the life of his son, J. A. Pruitt, Jr., usually called Junior, in the respondent insurance company under a policy which contained a provision to the effect that, if the insured died as a result of external, violent, and accidental means, the company would pay double the amount of the insurance. J. A. Pruitt, Jr., died from the effect of stab wounds inflicted upon him by one Gunter.

The answer alleged that the insurance company had paid the face value of the policy, but denied liability for the double indemnity because the insured came to his death from violence intentionally inflicted upon him by David Gunter, which, under the terms of the policy, relieves the company of liability.

At the trial, the following provision of the policy was put in evidence:

"7th. Accidental Death Benefit.—Upon receipt of due proof that the Insured, after the attainment of age 10 and prior to the attainment of age 70, and while this policy is in force, has sustained bodily injury, solely through external, violent and accidental means, occurring after the date of the policy and while there is no default in the payment of premiums, and resulting, directly and independently of all other causes in the death of the Insured while this Policy is in force and within ninety days from the date of such bodily injury, the Company will pay in addition to any other sums due under this Policy and subject to the provisions of this Policy, an Accidental Death Benefit equal to the face amount of insurance stated in this Policy less the amount of any benefit which has become payable under the 'Loss of Eyesight or Limbs' clause of this Policy on account of the same bodily injury, except as provided below:

"Exceptions.—(1)—(2)—(f) death resulting directly or indirectly from violence intentionally inflicted by another person, (g) death resulting directly or indirectly from any violation of law by the Insured."

At the conclusion of all the testimony defendant made a motion for directed verdict, which was ordered by the presiding Judge, Stoll.

The appeal is from that order and the judgment entered thereon.

There is no particle of doubt that J. A. Pruitt, Jr., died as the result of external violence, to wit, wounds intentionally inflicted upon him by David Gunter.

W. F. Fleming, a witness for the defense, testified, among other things: "Gunter said something like 'he would cut him.' He said something about cutting 'your guts out,' and there was about two minutes fighting back there."

This evidence is uncontradicted and is supported in the main by the testimony of other witnesses.

The plaintiff seeks to fend against the force and effect of this evidence by proving that Gunter is insane, and hence irresponsible for his acts; and that the testimony relating to his sanity makes an issue which entitled the plaintiff to have the case sent to the jury.

The contention is without merit. It might be relevant and pertinent if David Gunter were on trial for the murder of J. A. Pruitt, Jr. Frankly, we think the evidence is wholly insufficient to show that Gunter, if insane at all, was so insane as not to know right from wrong. But it is idle to pursue that line of thought, because it remains proved that Gunter intentionally stabbed J. A. Pruitt, Jr., and that the said J. A. Pruitt, Jr., died as the result of the wounds thus intentionally inflicted upon him by David Gunter.

The facts bring the case directly within the purview of the exception included in the policy, which relieves the defendant of liability.

Exceptions overruled; judgment affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Carter, Bonham and Fishburne concur.